WILLIAM DUNN v. THE STATE.

No. 19806.   Delivered June 1, 1938.
Rehearing denied November 2, 1938.

The opinion states the case.

*Shelburne H. Glover,* of Jefferson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling whisky in a dry area; the punishment, a fine of $100.00.

M. G. Closs, an inspector of the Texas Liquor Control Board, testified that he bought a pint of whisky from appellant on the 24th of October, 1937. The proof on the part of the State was to the effect that justice precinct No. 3 of Marion County, in which the sale was made, was a dry area.

The bills of exceptions, as qualified, fail to present error.

The judgment recites that appellant is guilty of the offense of possession of intoxicating liquor on premises where beer is sold under a permit. The judgment is reformed in order that it may be shown that appellant has been adjudged to be guilty of the offense of selling intoxicating liquor in a dry area.

As reformed, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The same complaint is brought forward here as to bill of exception No. 3 as appears in the companion

case, No. 19805, Dunn v. State, this day decided on rehearing. [Page 396 of this volume.] The bill of exception in the present record is approved. The court certifies that he sustained objection to the proof offered because the record was the best evidence which record was not offered in evidence, and further qualifies the bill to show that if introduced the record "would not show sale of beer was prohibited in Marion County." Appellant was convicted for selling whisky under a prohibition election held in January, 1910.

Appellant's motion for rehearing is overruled.